1

2

3

4

5

6

7

8                    United States District Court

9                   Eastern District of California

10

11

12  Jose Soria,

13           Petitioner,              No. Civ. S 04-2694 FCD PAN P

14     vs.                            Findings and Recommendations

15  Edward S. Alameida, et al.,

16           Respondents.

17                           -oOo-

18      Petitioner, a prisoner without counsel, seeks a writ of

19  habeas corpus.  See 28 U.S.C. § 2254. Respondent moves to dismiss

20  upon the ground the petition is untimely.  Petitioner opposes.

21      November 16, 2000, petitioner was convicted.

22      Petitioner appealed.  April 15, 2002, the appellate court

23  found sentencing error and modified the sentence accordingly but

24  otherwise affirmed the judgment.

25      Petitioner did not file a petition for review in the

26  California Supreme Court.

1  January 31, 2003, petitioner filed a petition for a writ of

2  habeas corpus in the California Supreme Court.  September 17,

3  2003, the court denied relief.

4  September 15, 2004, petitioner filed a petition for a writ

5  of habeas corpus in federal court.

6  December 23, 2004, petitioner filed a petition for a writ of

7  habeas corpus in the California Supreme Court.  The petition is

8  pending.

9  A one-year limitation period for seeking federal habeas

10 relief begins to run from the latest of the date the judgment

11 became final on direct review, the date on which a state-created

12 impediment to filing is removed, the date the United States

13 Supreme Court makes a new rule retroactively applicable to cases

14 on collateral review or the date on which the factual predicate

15 of a claim could have been discovered through the exercise of due

16 diligence.  28 U.S.C. § 2244(d)(1).  The judgment of the

17 appellate court became final May 15, 2002, 30 days after the

18 court filed its opinion.  See California Rules of Court, Rules

19 33.1, 24(1).  A properly filed state post conviction application

20 tolls the statute of limitations.  28 U.S.C. § 2244(d)(2).  In

21 California, a properly filed post conviction application is

22 "pending" during the intervals between a lower court decision and

23 filing a new petition in a higher court.  Carey v. Saffold, 536

24 U.S. 214, 223 (2002).

25 Absent tolling, petitioner had until May 15, 2003, to file a

26 petition in federal court.

1     Granting petitioner 229 days' tolling for the time the

2   January 31, 2003, habeas petition was pending in the California

3   Supreme Court, petitioner had until December 30, 2003, to file a

4   petition in federal court.  The December 23, 2004, petition in

5   the California Supreme Court provides no basis for statutory

6   tolling because it was filed after the limitation period expired.

7   See Fergusun v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)

8   (section 2244(d) does not permit re-initiation of the limitation

9   period when it expires before a timely state petition for post-

10  conviction relief was filed).

11     Petitioner contends he is entitled to equitable tolling.

12     Equitable tolling may be granted only where "extraordinary

13  circumstances beyond a prisoner's control make it impossible to

14  file a petition on time."  Calderon v. United States District

15  Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(en banc) *cert.*

16  *denied*, 526 U.S. 1060 (1999)(quotations and citation omitted).

17  "When external forces, rather than a petitioner's lack of

18  diligence, account for the failure to file a timely claim,

19  equitable tolling of the statute of limitations may be

20  appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.

21  1999).  Petitioner must show extraordinary circumstances caused

22  the untimeliness.  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.

23  2003).

24     Petitioner asserts limited access to the law library is an

25  extraordinary circumstance.  A prison lockdown preventing law

26  library use during a negligible portion of the limitation period

3

1   is not necessarily an extraordinary circumstance.  <u>Sanchez v.</u>

2   <u>Cambra</u>, 2005 WL 1529834 (C. A. 9 (Cal.)) (denial of access to law

3   library for 10 days not extraordinary circumstance where

4   petitioner did not use library when given the opportunity).

5   Petitioner alleges the Northern Hispanic population at Salinas

6   Valley State Prison, of which he is a member, has been on

7   lockdown since he arrived February 1, 2002, until the present.

8   He asserts he was denied library time for four months but he

9   otherwise had access to the law library according to a rotation

10   schedule or upon proof of a court-imposed filing date.

11       Petitioner does not identify the four-month period when he

12   was denied library time but it does not matter because he does

13   not assert lack of access during the remaining eight months.  In

14   any event, he filed a habeas petition in the California Supreme

15   Court before the limitation period expired and so even if the

16   lockdown is extraordinary, petitioner fails to satisfy his burden

17   under <u>Spitsyn</u> because he has not explained why he could file in

18   state court but not in federal court, which requires all claims

19   first be presented to the state court.

20       Petitioner also alleges he had no access to the law library

21   while he was in administrative segregation[1] from February 2,

22   2004, until July 1, 2004.  But this is inapposite because the

23   limitation period already had expired.

24   ────────────────────

25       [1]  I note petitioner's placement was a disciplinary measure for
petitioner's possession of a weapon and so it was not a circumstance outside
26   his control.

4

1     For these reasons, I find the September 15, 2004, petition

2  is untimely.

3     I therefore recommend this action be dismissed.

4     Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these

5  findings and recommendations are submitted to the United States

6  District Judge assigned to this case.  Within 20 days after being

7  served with these findings and recommendations, petitioner may

8  file written objections.  The document should be captioned

9  "Objections to Magistrate Judge's Findings and Recommendations."

10 The district judge may accept, reject, or modify these findings

11 and recommendations in whole or in part.

12     Dated:  August 30, 2005.

13                              /s/ Peter A. Nowinski
                               PETER A. NOWINSKI
14                             Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26